Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Julian Kenneth Armel, Jr., seeks to appeal the district court's orders accepting the report and recommendation of a magistrate judge and denying relief on his petitions filed under 28 U.S.C. § 2254 (2000). An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller–El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record in both cases and conclude that Armel has not made the requisite showing. Accordingly, we deny certificates of appealability and dismiss both appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

Jacob Dale MONROE, Petitioner— Appellant,

v.

Gene M. JOHNSON, Director of Virginia Department of Corrections, Respondent—Appellee.

No. 05–7392.

United States Court of Appeals, Fourth Circuit.

Submitted March 23, 2006.

Decided March 28, 2006.

Jacob Dale Monroe, Appellant Pro Se. Michael Thomas Judge, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellee.

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jacob Dale Monroe seeks to appeal the district court's order denying relief on his motion for reconsideration, which the district court properly construed as a successive 28 U.S.C. § 2254 (2000) petition. An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Monroe has not made the requisite showing.

Additionally, we construe Monroe's notice of appeal and informal brief on appeal as an application to file a second or successive § 2254 petition. See *United States v. Winestock,* 340 F.3d 200, 208 (4th Cir. 2003). To obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously un-

available, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Monroe's claim does not satisfy either of these conditions.

For these reasons, we deny a certificate of appealability, decline to authorize Monroe to file a successive § 2254 petition, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*